{¶ 39} I respectfully dissent from the majority's disposition of appellant's first assignment of error. When construing the evidence most strongly in appellant's favor, I find reasonable minds could come to different conclusions as to whether appellees knew there existed a substantial certainty harm would occur to its employees if subjected to the dangerous procedure of jumping onto moving railroad cars. As I noted in my dissent in Doe v.Hi-Stat Mfg. Co. Inc. (April 2, 2001), Richland App. No. 00-CA5-3, unreported, though there did not exist a likelihood, much less a substantial certainty, injury would occur upon any individual exposure to the risk, repeated exposure to the risk increased the probability of eventual injury to the point reasonable minds could differ as to whether an injury was substantially certain to occur. Although injury from jumping onto a moving railroad car may only result in injury one out of 10,000 times and therefore, not substantially certain to occur as the result of any one particular jump, reasonable minds could conclude injury is substantially certain to occur if an employee is required to make that jump 10,000 times.